JOHN MARKS *et al.*, Appellants, *v.* OLIVER M. BUTLER, Supervisor, etc., who sues for the use of the Township Treasurer of the town of St. Charles, Appellee.

### APPEAL FROM KANE.

A party to the record in a common law case is incompetent as a witness on the trial.

The same rule applies to the party for whose use the suit is brought, or who has a beneficial interest in it, by increasing his per centage.

No recovery can be had on a town collector's bond, until after a warrant has been issued to the sheriff, requiring the delinquent sum to be levied on the property of the collector.

THIS was an action of debt, commenced by Oliver M. Butler, for the use of the township treasurer of St. Charles, against the plaintiffs in error, on a town collector's bond, Marks being the

collector, and the other defendants sureties. The cause was tried before I.'G. WILSON, Judge, and a jury.

One of the principal witnesses on the part of the plaintiff, was the township treasurer, James T. Wheeler, whose testimony was objected to, on the ground that he was a party to the record, and was interested in the result of the suit. Objection overruled, and testimony admitted.

There was no proof that any warrant had issued to the sheriff to collect the money withheld by the collector, by levy on his property.

Verdict and judgment for plaintiff. Motion by defendants for a new trial and in arrest of judgment, which was overruled, and judgment entered. Appeal by defendants to this court.

PLATO & HARVEY, and B. C. COOK, for Appellants.

EASTMAN & BOTSFORD, and J. L. BEVERIDGE, for Appellee.

WALKER, J. There is no question better settled than that a party to the record in a common law cause, is incompetent as a witness on the trial. The exceptions to this rule are rare, and independent of statutory enactment, it is believed but few exist. The rule is so inflexibly established, that it is wholly unnecessary to refer to principles, or to adduce authorities in its support. And when the witness is the beneficial party, the same reason applies as if he were the nominal party. He has the entire beneficial interest, reaps the fruits of the recovery, and is the only person who has the right to control the action and the recovery. When the nominal plaintiff declares upon the record, that the suit is instituted for the use of another person, he is thereby fully authorized to receive, and to discharge the claim before or after judgment. He is thereby declared to be the owner of the demand. He has the same interest in a recovery as any other plaintiff, and is equally incompetent to give evidence.

But were this not true, the treasurer of schools is entitled to a per cent. on all moneys received and paid out by him for the use of the fund. (Scates' Comp. 457, Sec. 72.) And he, on the trial of a cause instituted for the recovery of township funds, which by law must pass into his hands, has a direct interest in increasing the fund, thereby increasing his commissions. The court below, therefore, erred in permitting Wheeler, the beneficial plaintiff and treasurer, into whose hands the money recovered would go when collected, to testify in the case.

It is also urged, that this action is prematurely brought, and that no recovery can be had on a town collector's bond until a warrant shall have been issued to the sheriff, requiring the delinquent sum to be levied on the property of the collector. The 13th section of the Revenue Law, (Scates' Comp. 345–6,) provides, that if any collector shall refuse or neglect to pay the several town officers or the county treasurer, the sums required by his warrant to be paid to them, or to account for the same as unpaid, that the county treasurer shall, upon proof being made, issue his warrant against such collector to the sheriff of the county, commanding him to levy the amount of the property of the collector. The 77th section requires the sheriff to proceed to execute the same, and make return thereof within the time specified, and pay over the money. The 78th section provides, that if the whole sum is due from the collector, or if no portion thereof shall be collected, the sheriff shall note the fact and certify that the collector has no goods or chattels, lands or tenements, in his county, from which the money can be made. The 79th section requires the bond to be put in suit, and the moneys, when collected, to be paid in the same manner in which it was the duty of the collector to apply the same. That the school treasurer of the township is a town officer, there can be no question. He is appointed by the trustees of schools for the township, acts within and for the township, and must have been contemplated by the legislature as a town officer who is entitled to receive the school tax from the collector.

The town collector's office is created and his duties are imposed by the statute. His liability grows out of a violation of those duties, and when violated, the statute has pointed out the remedy. That the legislature, in creating an office, may impose duties and regulate remedies for a breach of duty, is certainly true. And by these enactments we are of the opinion that the legislature intended that the warrant provided for in the seventy-sixth section, should issue as a pre-requisite to the institution of a suit, on the collector's bond, against him and his sureties. This the sureties have a right to insist upon, as when they sign his bond they have a right to expect, that in case of a default in his duty, his property will be first subjected, and that the preliminary requirements of the statute shall be complied with before they are subjected to a recovery. The statute has made the requirement, and we have no power to dispense with it.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*